1546-14

PD-1546-14          ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

WILLIAM HAYWARD FREEMAN, SR.
Appellant/Petitioner

VS

THE STATE OF TEXAS
Appellee/Respondent

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

IN APPEAL NO. PD-1546-14
Court of Criminal Appeals

WILLIAM HAYWARD FREEMAN, SR
POLUNSKY UNIT # 1878813
3872 F.M. 350 SOUTH
LIVINGSTON, TEXAS 77351

FILED IN
COURT OF CRIMINAL APPEALS

MAR 13 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 13 2015

Abel Acosta, Clerk

i

NO-PD-1546-14

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

WILLIAM HAYWARD FREEMAN, SR.
Appellant/Petitioner
VS

THE STATE OF TEXAS,
Appellee/Respondent

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TO THE COURT OF CRIMINAL APPEAL OF TEXAS:

(Appellant/Petitioner respectfully submits this petition for Discretionary Review and moves that this Honorable Court grant review of this cause and offer the following in support theseof:)

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant/Petitioner request oral argument in this case because such argument may assist the court in applying the facts to the issues raised. It is suggested that Oral argument may help simplify the facts and charify the issues.

ii

# TABLE OF CONTENT

PAGE

INDEX OF AUTHORITIES_____ 1

STATEMENT REGARD ORAL ARGUMENT_2,3,4

STATEMENT OF THE CASE_____ 5

STATEMENT OF PROCEDURAL HISTORY_ 5

GROUNDS FOR REVIEW_____ 6

ARGUMENT_____7,8,9

PRAYER FOR RELIEF_____ 10

CERTIFICATE OF SERVICE _____ 10

OPINION OF THE COURT OF APPEAL__11,12

# INDEX OF AUTHORITIES

## CASES                                                     PAGE

Biggs v State, 921 S.w. 2d 282
(Tex. App - Houston [1st. Dist] 1995 pet. ref'd
Criminal Law 1169, 1 (9) _____ 2,4,7

Brady v. Maryland Criminal Law 700 (2)
Brady V. Maryland C.A. 5 (Tex) 1984 _____ 9

Fetterolf v. State, 782 S.W. 2d 927, 930
[Tex - App. Houston] [14th - Dist.] 1987 pet. ref'd ___ 3

Harris v. State 790 S.w. 2d 568
2) Criminal Law 1166.13 _____ 8

## OTHER SOURCES

38.07232 (6), (1), (c) _____ 2,3,6,7
Art. 38.072, Sec. 2 (1), (3) _____ 2,3,6,7

The court reporter Uniform Manual Chapter 52 _ 8
Tex. Rule App. 81(b), (2) _____ 2
T.R.A.P. 12, (a), (b), (c). _____ 8
T.R.A.P. 12.3 _____ 8
T.R.A.P. 12.4 (A), (B), (C), (D), (E), (F), (G), (H) ___ 8
T.R.A.P. 13.2 (A), (B), (1), (2), (3), (4), (5), (6), (d), (c) ___ 9

# STATEMENT REGARDING ORAL ARGUMENT

In the 38.072 notice after identifying Specific Statements made for the first time at trial, Counsel stated on the record that he was surprise by the outcry witness testimony because her statements were significanly different from the summary provided pre-trial (4 RR 45). The five factors to show harm against the appellant is these errors;

1) The source and nature of the error, was the improper admission of outcry witness hearsay testimony over defense counsel's objection, the nature of the error was that trial, trial counsel was effectively denied the opportunity to prepare a defense because the circumstances surrounding the alleged assault changed in the middle of trial. Although it's true that admission of hearsay evidence generally carries concerns that a defendant will be deprived of the opportunity to cross-examine the declarant, in this case the defendant was deprived of the opportunity to prepare a defense theory which he could later utililize with cross examination, for this reason, this factor should fall on the appellants side of the ledger, see Biggs v. state, 921, Sw 2d 282 Tex. App-Hou (1st. Dist.) 1995 pet. ref'd. Criminal Law 1169.1(9). If defendant is able to show that he was surprised by states inadquate summary of child abuse victims hearsay statement violating procedural requirements of statute which creates exception to hearsay rule for statements of child abuse victims, reversal would be required. Vernons Ann Texas C.C.P. art. 038.0732 (b), (1), (c). Rule App. proc. Rule 81(b), (2).

2) The state emphasized the error, the next consideration is whether the state emphasized the outcry testimony in closing arguments. Here the stat's closing argument emphasized

2

Gbadamosis testimony and urged juror to consider how credible she appeared on the witness stand. "(6RR35-36)." Did she appear to be angry and snaring the way some profective parents you may know are? She appeared to be, quite frankly unde the circumstances pretty darn calm and pretty reasonable as she told you her story" (6RR36) "in terms of her credibility, when she sat up there, and told you that, looking at this jury and telling y'all, she didn't get hysterical. One tear running down her face as she told you what happened. "(6RR36-37)." Because the state emphasized the hearsay testimony of the outcry witness in it's closing argument, this issue supports a finding of harm

3) There were collateral implications of the error of the hearsay testimony introduced at trial was the court next consideration. As stated above, the notice and summary requirements are mandatory in order to aviod surprise at trial. Fetterolf V. State, 782 S.W. 2d 927, 930 [Tex.-App.-Houston][14th-Dist.] 1989 Pet. ref'd)(propose of the notice and summary requirements of Article 38.072 are to prevent surprise to defendant) Here appellant stated on the record he was surprised at trial by the additional facts that he had no actual notice of before trial. There is nothing in the record to indicate the Gbadamosis testimony was contained in the state's file or was otherwise discoverable by appellant before trial. For all these reasons, this factor weights in favor of finding harm.

4) The weight a jury would probably place on the error.

This Court also considers the weight a juror would likely place on the error. In this case, it

3

is probable trial jurors replied on Gbadamosis testimony because of the young age of the complainant futher, the complainant provided different details about the alleged assault at trial that she remembered while on the stand. (4RR 179-79). For these reasons it is likely the jury placed more weight on Gbadamosis corroboration of the child complainants testimony and therefore this factor should also weight in favor of a finding of harm.

5) State is likely to report error. Finally this Court must consider whether finding the error harm less will encourage the state to repeat it with impunity See Biggs V. State, 921 S.W. 2d at 282. In Biggs, this Court said... if a defendant were able to show that he was surprised by the states inadequate summary, reversal would be required" Id. Appellant submits he has made that showing and therefore reversal should be required. That the state would repeat this conduct in the futher is made clear by its response to trial counsel's objection to the summary at trial. Because all factors fall in favor of appellants contention that he was surprised by improper hearsay testimony of the outcry witness, appellant has shown harm, as stated above, the purpose of the notice requirements is to prevent surprise. Appellant was sufficiently surprised by the introduction of new facts into the case during trial that were not made part of the state pretrial summary. Because appellant was not given adequate notice of the content and scope of the outcry testimony. He was unable to prepare a defense to the charges alleged and therefore was sufficiently surprised for all these reasons. The judgement of conviction enter below must be reversed and the cause remanded for a new trial.

4

# STATEMENT OF THE CASE

Appellant was charge by indictment with aggravated sexual assault of a child alleged to have been comitted on September 5th 2011.

On August 15th, 2013 the jury found Appellant guilty. The trial Court found one enhancement paragraph true and sentenced Appellant to seventy-five years (75) in prison.

Notice of appeal, and the trial Courts Certification of appeal were timely filed to Tex. R.App P 38.6 (a) Now files appellant's brief. Appellant was represented at trial by Mr. Mark Hochglaube, and is represented on appeal by Ms. Carmen M. Roe.

# STATEMENT OF PROCEDURAL HISTORY

In cause No. 1322259, the AppeLate/Petitioner was charged with the defense of aggravated Sexual assault of a child. The appellant petitioner was convicted of such offense on August 15th, 2013, and appealed the conviction. On October 30th, 2014 the 14th Court of appeals affirmed the conviction, on November 8th I filed a motion for rehearing. I also file a supplement brief on Nov. 9th. 2014. I recieved a (60) day extensions extended to Friday, January 30th, 2015, I recieved from the Courts granted the appellant's Pro-Se motion to suspend Rule 9.3(b) T.R.A.P. I also recieved a letter 02/17/205, from the first Court of Criminal Appeals of Texas granting me time to redraw my petition because of Violating Rule of appellate procedure 68.4 (j) (30) days from date filed. February 11, 2015. I have not heard from the Courts on my rehearing motion.

# GROUND FOR REVIEW
## I

38.072, Section 1, were made by the child against whom the offense was alledgedly committed, Section 2(3), the child testifies, or is available to testify at the proceeding in Court.

# GROUND FOR REVIEW
## II

The Appellate clerk must docket each case according to T.R.A.P rule 12.2 by using,
   A) Number System
   B) Number Order
   C) Multiply Notice of Appeal
   T.R.A.P 12.3 Custody of paper
   T.R.A.P. 12.4 (A), (B), (c), (D), (E), (F), (G) and (H).
   T.R.A.P. 13.3 (A), (B), (1), (2), (3), (4), (5), (6), (D), and (E).

6

# ARGUMENT NUMBER ONE

The trial Court abused it discretion by admitting Outcry witness testimony that fail to meet the mandatory requirements of Article 38.072 by injecting new facts into the case during trial and appellant was surprised. The appellant meets all factors to show harm. Consisent with this courts holding. Briggs v. State, 921 S.W. 2d 282 (Tex. App.-Houston) [1st Dist.] 1995, pet. Criminal Law 1167.1 (9) If defendant is able to show that he was surprised by states inadquate summary of child abuse victim's hearsay statement violating procedural requirements of statute which creates exception to hearsay rule for statements of child abuse victims, reversal would be required. The state did not include that she testified at first the complainant said nothing happen, nothing happened, nothing happened. That is not included. A notice of intention to use child abuse victim hearsay statement is in both of the Courts files, according to this witness, is that the defendant touch her, that is not included. This witness said repeatedly in the outcry the defendant was telling the complainant you better not tell because thing are going to happen to you, that is not included in the outcry. That the complainant wanted to get out of the room. That is not included in the Outcry. The defendant put his hands over the Complainants mouth. That is not included in the out Cry, and that the older sister came to the door, and thats when the defendant let her out, That was not included in the outcry. The state is only required to give a summary. The trial Court overruled defense Counsels objection. The state summary was not adequate to apprise him of the essential

7

facts of the hearsay statements trial counsel identified the following statements offer by Gbadamosis at trial that were not included.

# ARGUMENT NUMBER TWO

According to the code of professional conduct rules governing Court reporter Certification a "Uniformal Manual" approved by the supreme Court of Texas that governs the form of official reporters records and freelance transcriptions. A person may not engage in shorthand reporting in this State or be appointed and official court reporter or deputy court reporter unless that person is Certified as a shorthand reporter by the supreme Court of Texas. Official Court Reporters, deputy reporters, and substitue court reporter shall Comply with chapter 52, and applicable provisions of the Texas Rules of appellate procedure in the Conduct of the business of their offices.

1) It is a unprofessional Conduct, failing to deliver a transcript or statement of facts to a client or court in a timely manner as determined by statute, Court Order or agreement.

2) Producing an inaccurate transcript or state ment of facts.

3) Producing incomplete transcript or state ment of facts.

4) A.C.S.R or C.R.F. Shall be fair and impartial toward each participant in a legal proceeding. Harris V. state 790 S.W. 2d 508. 2) Criminal Law 1166.13; Conviction must be reversed once defendant demonstrate that he requested Court reporter to take Notes of trial, or any part thereof. It was demonstrated by not having any court reporters

8

records with facts. According to T.R.A.P. 12.2 The appellate clerk must docket each case by docket numbers. (A) Number System. B) Numbering Order. C) Multiple notices of appeal. also T.R.A.P. 12.3 Custody of papers. T.R.A.P. 12.4 with drawing papers (A),(B),(C),(D),(E),(F),(G), and (H).
T.R.A.P. 13.2. Addition duties of Court recorders (A),(B),(1),(2),(3),(4),(5),(6),(C),(D),(E).

According to there code of professional Conduct rule, if so, they would be in violation So all is stated by facts that I did not have a pre-trial hearing by My presiding Judge Jeannine Barr. Under the Brady V. Maryland, Criminal Law 700 (2.1) Constitutional error is committed with regard to prosecutorial suppression of exculpartory evidence only when the omitted evidence creates a reasonable doubt that did not otherwise exist. C.A.s (Tex.) 1984 Brady requires that the government disclose material evidence favorable to the defendant and suppression will result in a reversal.

# PRAYER FOR RELIEF

I pray that this is the opinion of the court of appeals, because this is the only thing that was mail to me, and I pray for this reason stated above, and in all it is respectfully submitted, that the court of Criminal Appeals of Texas should grant this Petition for Discretional Review.

Respectfully Submitted,
William Hayward Freeman, Sr.
Allen B. Polunsky Unit
3872 F.M. 350 South
Livingston, Texas 77351

# CERTIFICATE OF SERVICE

I, William Hayward Freeman, Sr. T.D.C.J # 1878813, the undersigned Appellant/Petitioner here by certifies that a true and correct copy of the foregoing petition for Discretionary Review has been mailed, U.S. mail, postage prepaid at the Polunsky Unit mailing system to the office of, The Court of Criminal appeal of Texas to Mr. Abel Acosta, clerk. P.O. Box 12308, Capitol Station, Austin Texas 78711, also a copy to Lisa C. McMinn, State Prosecuting Attorney at P.O. Box 13046, Austin, Texas 78711, by First class mail on the 9th day of March 2015

William Hayward Freeman
Sr.

10



# JUDGMENT

## Court of Appeals

## First District of Texas

NO. 01-13-00723-CR

WILLIAM HAYWARD FREEMAN, SR., Appellant

V.

THE STATE OF TEXAS, Appellee

Appeal from the 182nd District Court of Harris County.  (Tr. Ct. No. 1322259).

This case is an appeal from the final judgment signed by the trial court on August 15, 2013. After submitting the case on the appellate record and the arguments properly raised by the parties, the Court holds that the trial court's judgment contains no reversible error. Accordingly, the Court **affirms** the trial court's judgment.

The Court **orders** that this decision be certified below for observance.

Judgment rendered October 30, 2014.

Panel consists of Chief Justice Radack and Justices Jennings and Keyes. Opinion delivered by Chief Justice Radack.

cc:
Clerk of the Court
Fourteenth Court of Appeals
301 Fanin, Suite 245
Houston, TX 77002

12